# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPARTAN CAPITAL SECURITIES, LLC, | Civil Action No.  19-2174 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PURE AGROBUSINESS, INC., | |
| Defendant. | |

Plaintiff, Spartan Capital Securities, LLC ("*Plaintiff*" or "*Spartan*"), hereby claims of the Defendant, Pure Agrobusiness, Inc. ("*Defendant*") and say:

## NATURE OF CLAIM

1. Plaintiffs seeks to enforce a Promissory Note (the "*Note*") made by Defendant in which Defendant promised to pay to Plaintiff the sum of $1,400,000, together with interest to accrue at a rate of 3% per annum. While Defendant paid the first two installments due under the Note totaling $400,000, Defendant failed to make any further payment and instead filed a voluntary petition for bankruptcy. On December 14, 2018, the United States Bankruptcy Court dismissed Defendant's bankruptcy. Since that time, Plaintiff has continued to fail to make any payment to Plaintiff, and there remains unpaid principal in the amount of $1,000,000. Defendant has defaulted under the Note, and Plaintiff respectfully requests the entry of judgment in the amount of $1,000,000, plus interest at 3% per annum, along with all reasonable attorneys' fees and costs incurred by Plaintiff in connection with this action.

## JURISDICTION & VENUE

2. Venue is laid pursuant to and in accordance the forum selection clause contained in the Note, which provides that all legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by the Note shall be commenced exclusively in the state and federal courts sitting in City of New York.

3. This court possesses jurisdiction over this matter pursuant the agreement by Defendant whereby Defendant irrevocably submitted to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, Borough of Manhattan, for the adjudication of any dispute under the Note or in connection with the Note. This court also possesses jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000, and is between citizens of different states.

## GENERAL ALLEGATIONS

4. Plaintiff, Spartan Capital Securities, LLC is a limited liability company formed under the laws of the State of New York, with a principal place of business at 45 Broadway, New York, New York 10006.

5. Defendant, Pure Agrobusiness, Inc., Inc. is a corporation formed under the laws of Nevada with its principal place of business at 2317 South Santa Fe Avenue, Los Angeles, California 90058.

## SPECIFIC ALLEGATIONS

### I. The Note

6. On June 16, 2017, Defendant executed the Note in which Defendant promised to pay to Spartan the principal amount of $1,400,000, together with interest to accrue on the unpaid principal at a rate of 3% per annum.

7. Payments of principal and interest were required to be made by Defendant in quarterly installments of $200,000 plus accrued interest on the unpaid principal amount on the first day of each calendar quarter (January 1, April 1, July 1 and October 1) commencing on October 1, 2017, with the final payment of the unpaid principal amount and accrued interest due on April 1, 2019.

8. The Note provided that an event of default under the Note shall include (i) the failure of Defendant to pay a quarterly installment payment within ten (10) days of when due, (ii) an assignment by the Maker for the benefit of creditors, (iii) Defendant is subject to any bankruptcy proceeding against it that remains undismissed for a period of 60 days, or (iv) Defendant files a voluntary petition of bankruptcy.

9. Upon the occurrence of an event of default, then, at the option of Plaintiff, the entire unpaid principal amount of the Note and any unpaid accrued interest thereon shall become immediately due and payable.

10. The Note further provides Defendant shall pay all of Plaintiff's reasonable expenses incurred to enforce or collect any of Defendant's obligations under the Note, including, without limitation, attorneys' fees and expenses.

11. The Note further provides that Defendant waived presentment, demand for payment, notice of dishonor, and any or all other notices or demands in connection with the delivery, acceptance, performance, default or endorsement of the Note.

12. The Note provides that it shall be governed by and construed and enforced in accordance with the laws of the State of New York, and that Defendant agrees that all legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by the Note shall be commenced exclusively in the state and federal courts sitting in

City of New York, and that Defendant irrevocably submits to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, Borough of Manhattan, for the adjudication of any dispute under the Note or in connection with the Note.

## II.     Defendant Defaults Under the Note

13.     On or about October 1, 2017, Pure paid to Spartan the sum of $200,000, as required under the Note.

14.     On January 10, 2018, Pure paid to Spartan the amount of $209,000 to Spartan, as required under the Note.

15.     Pure did not make the next quarterly installment payment on or before April 1, 2018, as required under the Note.

16.     Pure's failure to pay the quarterly installment payment by April 10, 2018, constitutes a default under the Note.

17.     On May 18, 2018, Pure filed a voluntary petition for bankruptcy in United States Bankruptcy Court in the District of Colorado, in the matter captioned *In re Pure Agrobusiness, Inc.,* Case Number 18-14334-MER.

18.     The filing of the voluntary petition for bankruptcy constitutes a separate event of default under the Note.

19.     On December 14, 2018, Michael E. Romero, Chief Juge of the the United States Bankruptcy Court, entered an order dismissing Defendant's bankruptcy case.

20.     Defendant has not made any further payment of the unpaid principal or accrued interest.

## COUNT ONE

### (Breach of Promissory Note)

21. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 19 of the Complaint as if fully set forth at length herein.

22. The Note constitutes a valid and enforceable contract between the parties.

23. Plaintiff is the legal owner and holder of the Note, and Defendant is the maker of the Note.

24. Defendant materially breached the Note by failing to pay the quarterly installment due on April 1, 2018, and by filing a voluntary petition of bankruptcy.

25. Plaintiff has suffered damages as a direct and proximate result of Defendant's material breach of the Note.

26. There remains unpaid principal in the amount of $1,000,000, plus accrued interest at the rate of 3% per annum, due and owing under the Note.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $1,000,000, plus interest to accrue at the rate of 3%, along with all reasonable attorneys' fees and costs incurred in this action, and for such other relief as this court deems fair, equitable and just.

## COUNT TWO
### (Breach of Duty of Good Faith and Fair Dealing)

27. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 24 of the Complaint as if fully set forth at length herein.

28. Defendant owed Plaintiff a duty of good faith and fair dealing in connection with its performance under the Note.

29. Defendant breached its duty of good faith and fair dealing by failing and refusing to pay the quarterly installments due under the Note and by filing a voluntary petition in bankruptcy.

30. As a result of Defendant's egregious bad faith, Plaintiff has been and will continue to be substantially damaged.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $1,000,000, plus interest to accrue at the rate of 3%, along with all reasonable attorneys' fees and costs incurred in this action, and for such other relief as this court deems fair, equitable and just.

## COUNT THREE
### (Account Stated)

31. Plaintiff repeats and realleges each of the allegations in paragraphs 1 through 28 of the Complaint as if fully set forth at length herein.

32. Defendant is indebted to Plaintiff in the amount of $1,000,000, plus interest at the rate of the 3%, on an account stated between Plaintiff and Defendant.

33. Defendant did promise to pay Plaintiff.

34. Plaintiff has demanded said monies due and owing to it from Defendant.

35. Defendant has failed and refused to pay said sum.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in the amount of $1,000,000, plus interest to accrue at the rate of 3%, along with all reasonable attorneys' fees and costs incurred in this action, and for such other relief as this court deems fair, equitable and just.

By: /s *Matthew N. Fiorovanti*

Matthew N. Fiorovanti
**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank NJ 07701-6777
(732) 741-3900
(732) 224-5482 Fax
mfiorovanti@ghclaw.com
*Attorneys for Plaintiff*

DATED: March 6, 2019

Docs #3647244-v1